```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


RMC PUBLICATIONS, INC.,         )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:15cv896(JCC/IDD)
                                )
PHOENIX TECNOLOGY SOLUTIONS,    )
LLC.                            )
                                )
     Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on a motion to dismiss filed by Defendant Phoenix Technology Solutions, LLC. [Dkt. 31]  For the following reasons, the Court denies Defendant's Motion to Dismiss.

### I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The following facts, taken from the complaint and the parties' briefs are undisputed unless otherwise indicated. Plaintiff RMC Publications Inc. ("RMC") is a Minnesota corporation with its principal place of business in Minnesota. (Compl. [Dkt. 1] ¶ 1.) Defendant Pheonix Technology Solutions

1

("Phoenix") is a Maryland corporation with its principal place of business in Maryland, that transacts business and conducts classes in Alexandria, Virginia. (*Id.* at ¶ 2.)  RMC publishes books and other materials in the area of project management including the PMP Exam preparation book *PMP Exam Prep* (*Id.* at ¶ 7).  *PMP Exam Prep* is the bestselling PMP exam preparation book in the world, and RMC's CAPM Exam Prep, PMI-ACP Exam Prep, and "Hot Topics Flashcards for Passing the PMP and CAPM Exams" are similarly leading publications.  (*Id.* at ¶ 7.)

*PMP Exam Prep* was the creation of Rita Mulcahy, the former President and founder of RMC.  (*Id.* at ¶ 8.)  In 1999, Mulcahy received a copyright registration for the first edition of *PMP Exam Prep* from the United States Copyright Office with an effective date of June 14, 1999.  (*Id.* at ¶ 11).  In 2000, 2001, 2002, and 2005 Mulcahy received a copyright registration for the second, third, fourth, and fifth editions of PMP respectively. (*Id.* at ¶¶ 11-15).  Mulcahy later assigned all her copyrights in *PMP Exam Prep* to RMC.  (*Id.* at ¶ 16.)  In 2009, 2011, and 2014 RMC received copyrights for the sixth, seventh, and eighth editions of *PMP Exam Prep* respectively.  (*Id.* at ¶¶ 17-19.)  In 2006, 2010, and 2014 RMC received a copyright registration for the first, second, and third editions of CAPM Exam Prep, respectively. (*Id.* at ¶¶ 20-22.)  RMC also holds copyright registrations with respect to several editions of "Hot Topics

Flashcards for Passing the PMP and CAPM Exams." (*Id.* at ¶¶ 25-30.)  Phoenix is in the business of offering courses to help people pass the PMP Exam and other project management certification exams.  (*Id.* at ¶ 32; Def.'s Mem. [Dkt. 32] at 3.)  PMI is the leading professional association in project management, and administers the PMP Exam.  (Compl. ¶ 8; Def.'s Mem. at 3.)  In 2014 an individual named Al Howard is alleged to have informed RMC that Phoenix was using RMC's copyrighted materials at least in the presentation materials for teaching one or more of its courses.  (Compl. ¶ 33.) RMC has never licensed or otherwise authorized Phoenix to use its copyrighted materials in course presentation materials or other derivative work teaching materials.  (*Id.* at ¶ 34.)

Sometime around January 15, 2015 Phoenix conducted a January 2015 PMP exam preparation class, charging $1,990 for admission.  (*Id.* at ¶¶ 35-36.)  Among the course materials for Phoenix's January 2015 class was RMC's eighth edition of the *PMP Exam Prep* book.  (*Id.* at ¶ 36).  Plaintiff alleges that extensive portions of the presentation materials used by Pheonix during the January 2015 class were copied from several of Plaintiff's copyrighted works.  (*Id.* at ¶¶ 39-42).  On July 10, 2015, Plaintiff filed this action against Phoenix alleging copyright infringement on several of Plaintiff's copyrighted works, namely RMC's *PMP Exam Prep* sixth, seventh, and eighth

3

editions and RMC's Topics Flashcards for Passing the PMP and CAPM Exams sixth, seventh, and eighth editions. (*Id.* at ¶ 45).

## II. Legal Standard

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). "While the court must accept well-pleaded allegations as true when ruling on a Rule 12(b)(6) motion, the court need not accept as true legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted). In the instance where sufficient facts are alleged in the complaint to rule on an affirmative defense, such as the statute of limitations, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies,

4

however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original).

### III. Analysis

To succeed in a copyright infringement action the plaintiff must prove both ownership of a valid copyright and copying of protected original elements of the work. *Ale House Mgmt. v. Raleigh Ale House*, F.3d 137,143 (4th Cir. 2000)(Citing *Feist Publ'ns, Inc. v. Rural Tel. Svcs. Co.*, 499 U.S. 340, 361 (1991)). Defendant here does not challenge Plaintiff's ownership of a valid copyright. Rather, Defendant focuses its attack on the requirements that Plaintiff show Defendant has copied original elements of Plaintiff's work. Defendant first argues that Plaintiff has failed to adequately allege that any similarities between its products and Defendant's are the result of copying. (Def.'s Mem. at 11.) Defendant then argues that even if Plaintiff adequately alleges copying, it fails to adequately allege that the copied material was original in nature, and therefor protected by the copyright. (*Id.* at 15.) The Court first addresses Defendant's arguments on the adequacy of the copying allegations, then turns to the discussion of the originality requirement.

### A. Copying

Defendant asserts that "RMC does not provide any factual allegations to support the claim that similarities in the highlighted portions are the result of copying RMC's work rather than the use of generic concepts and industry standards." (Def.'s Mem. at 11.) There is no copyright infringement where the similarities between two works genuinely do not result from copying but merely "from the fact that both works deal with the same subject or have the same common sources." *Fuld v. Nat'l Broad, co.*, 390 F. Supp. 877,881 (S.D.N.Y.).

If a plaintiff cannot show direct evidence that Defendant committed impermissible copying, then they must prove the copying indirectly by showing that Defendant had access to the copyrighted work and that there are substantial similarities between the allegedly copied work and the copyrighted work. *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).[1] A showing of access and substantial similarities creates "a presumption of copying". *Ale House Mgmt.*, 205 F.3d at 143 (4th Cir. 2000).

At the 12(b)(6) stage the Court must accept all

---

[1] Plaintiff may in fact have adequately alleged direct evidence of impermissible copying through its allegation that "an individual named Al Howard informed RMC that Defendant was RMC's copyrighted materials." (Compl. ¶ 33.) However, this argument, based on one alleged instance of hearsay is not particularly strong, and it ultimately leads to the same place as the Court's analysis of Plaintiff's allegations of access and similarity.

alleged facts as true and construe them favorably to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Under that standard, RMC has satisfactorily alleged that Phoenix had access to RMC's copyrighted material. Plaintiff alleges that *PMP Exam Prep* "is the bestselling PMP exam preparation book in the world," and Plaintiff's other copyrighted products "are similarly leading publications in their fields." (Compl. ¶ 7.) Plaintiff also alleges that Defendant is in the business of offering PMP exam preparation classes. (*Id.* at ¶ 1.) It would be reasonable to assume a company who offers PMP exam preparation classes would have access to and some familiarity with the "bestselling PMP exam preparation book in the world." (*Id.* at ¶ 7.) Plaintiff therefore alleges facts which, if true, would support a finding that Defendant had access to Plaintiff's copyrighted material. Moreover, Plaintiff alleges that the "course materials for Defendant's January 2015 class [included] a copy of RMC's eighth edition of the *PMP Exam Prep* book. (*Id.* at ¶ 37). At this stage then, Plaintiff has certainly adequately alleged that Defendant had access to Plaintiff's copyrighted material.

However access is only the first element that the alleged facts must demonstrate to support an indirect showing of copying. The Court must also ask whether the facts alleged show

7

a substantial similarity between the plaintiff's protected work and the work in question.  Here, Plaintiff alleges that Defendant has engaged in extensive verbatim copying of Defendant's copyrighted exam preparation material.  (Compl. ¶ 39-40 (citing Ex. W; Ex. X; and Exhibit Y).)  Few similarities could be more substantial than extensive verbatim reproductions of the copyrighted works.  As Plaintiff alleges facts which would support a finding of access and substantial similarity if true, Plaintiff alleges sufficient facts to establish copying, at least under the 12(b)(6) standard.

### B. Originality

In order to succeed in a copyright infringement action, the plaintiff also must show that the copied portions of its copyrighted work were original.  Defendant's argument against the originality of Plaintiff's copyrighted work fails at this stage.  Plaintiff's complaint clearly alleges that the copyrighted material in *PMP Exam Prep* "was the creation of Rita Mulcahy" and "is the result of many years' experience and feedback from Mulcahy's work with more than 7,500 project managers."  (Compl. ¶¶ 8-9.)  In *Mulcahy v. Cheetah Learning LLC*, the Eighth Circuit noted that Mulcahy has "done far more" than merely copy or distribute PMI's materials in creating *PMP Exam Prep*.  386 F.3d 849, 853 (8th Cir. 2004)(holding that while *PMP Exam Prep* did not traditionally infringe the copyright of

8

PMI's PMBOK, material issues of fact existed as to whether *PMP Exam Prep* was an unauthorized derivative work.) Mulcahy and RMC have attempted to condense and organize the material in a specific fashion to enhance comprehension by students, adding concrete examples to abstract concepts and regular tests to aid in retention. (Pl.'s Opp'n. [Dkt. 38] at 20-21.) The organization, explanation, and testing of material is the very essence of the profession of teaching, and while a jury may determine that Plaintiff has not demonstrated sufficient originality in its organization and explanation of material to create an original teaching resource, the Court cannot do so at this stage. Simply put, Plaintiff's allegations regarding the work which RMC and Rita Mulcahy have done in creating *PMP Exam Prep* and their other works are sufficient, at the 12(b)(6) stage, to satisfy the requirement of originality.

Because Plaintiff alleges sufficient facts to show impermissible copying of original work, and Defendant does not otherwise challenge the validity of Plaintiff's copyright, the Court denies Defendant's Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss. An appropriate Order shall issue.

|  | /s/ |
|---|---|
| October 27, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

9